**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Neuheisel, | No. CV-25-01927-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Michael J Bidwill, et al., | |
| Defendants. | |

Before the Court is Plaintiff Brittany Neuheisel's Motion to Withdraw Prior Non-Opposition to the Joint Motion to Compel Arbitration. (Doc. 8.) Defendants oppose the Motion (Doc. 10), and Plaintiff did not reply. The Court will deny the Motion.[*]

## I.

Plaintiff filed this matter on February 6, 2025, in Arizona Superior Court. (Doc. 1-1 at 1-12.) Defendants removed it and soon after moved to compel arbitration. (*Id.* at 35-36.) Instead of opposing the motion to compel arbitration, Plaintiff filed a notice of non-opposition. (Doc. 5.) The next day, the Court granted the Defendants' motion, compelled arbitration, stayed the case, and required monthly status reports. (Doc. 6.) More than two months later, and one day before the second report was due, Plaintiff filed the present Motion. (Doc. 8.)

. . . .

---

[*] The Court finds a hearing unnecessary because the parties fully briefed the issue, and oral argument would not aid the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

## II.

Plaintiff seeks to withdraw her prior non-opposition and asks the Court to reset the Joint Motion to Compel Arbitration for hearing. (*Id.* at 2.) She contends that recent appellate decisions call into question the enforceability of the National Football League's ("NFL") arbitration provisions and argues that this development justifies revisiting the Court's prior order. (*Id.* at 3-5.) In effect, her request functions as a motion for reconsideration of the order compelling arbitration. The Court therefore evaluates it under the standards for reconsideration.

## III.

"Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv. 7.2 (g)(2). Plaintiff therefore had to seek reconsideration within fourteen days of the Court's June 25, 2025, order compelling arbitration (Doc. 6). Instead, she waited more than two months before filing. (Doc. 8.) The only explanation she offers is that two appellate courts issued related decisions in August 2025. (*Id.* at 3-5.) But those non-controlling cases do not constitute good cause.

Motions for reconsideration are appropriate only in "highly unusual circumstances," such as newly discovered evidence, clear error, or an "intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff invokes the third category because "appellate courts have, for the first time, recently deemed the NFL's arbitration process unconscionable." (Doc. 8 at 3.) She argues that her arbitration agreement is "identical" to those in two outside cases: *Flores v. New York Football Giants, Inc.*, No. 23-1185-CV, 2025 WL 2349199 (2d Cir. Aug. 14, 2025) and *Nat'l Football League v. Gruden*, No. 85527, 2025 WL 2317407 (Nev. Aug. 11, 2025). (*Id.* at 3-5.)

But neither *Flores* nor *Gruden* constitutes controlling authority in this District. *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Even if these cases were binding, they did not change the law. *Flores* questioned whether the NFL Constitution created a

valid arbitral forum under the Federal Arbitration Act. 2025 WL 2349199, at *7. And *Gruden* applied unconscionability principles under state law. 2025 WL 2317407, at *2-3. These are not new legal principles. Plaintiff did not raise either argument when Defendants moved to compel arbitration; instead, she filed a notice of non-opposition. (Doc. 5.)

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted). That extraordinary remedy is not warranted here.

**IT IS THEREFORE ORDERED** that the Motion to Withdraw Prior Non-Opposition to the Joint Motion to Compel Arbitration (Doc. 8) is **denied**.

Dated this 19th day of September, 2025.

Michael T. Liburdi
United States District Judge