David B. Rosenbaum, 009819
Theresa Rassas, 023416
Brandon T. Delgado, 035924
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
trassas@omlaw.com
bdelgado@omlaw.com

Leah S. Freed, 021332
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, Arizona 85016
(602) 778-3700
leah.freed@ogletree.com

*Attorneys for Defendant Michael J. Bidwill and Arizona Cardinals Football Club LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brittany Neuheisel,<br><br>  Plaintiff,<br><br>vs.<br><br>Michael J. Bidwill, et al.,<br><br>  Defendants. | No. CV-25-01927-PHX-MTL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF ITS SUPPLEMENTAL STATUS REPORT (Doc. 16)** |

Arizona law prohibits suspended attorneys from providing legal services to Arizona clients regarding Arizona employment matters, whether in court, in arbitration, or otherwise. Michael W. Caspino is currently suspended from the practice of law by the Arizona Supreme Court, this District, the State Bar of Nevada, and the Colorado Supreme Court (collectively, the "Suspensions").[1] Accordingly, Mr. Caspino is prohibited from providing any legal services to Plaintiff in connection with this dispute, including in the arbitration compelled by this Court. Neither Plaintiff's arbitration agreement nor the Federal Arbitration Act preempts these restrictions.

### I. Arizona Supreme Court Rules Prohibit Mr. Caspino's Conduct

Plaintiff does not dispute that, despite Mr. Caspino's Suspensions, he has appeared as Plaintiff's sole counsel in the arbitration ordered by this Court. Plaintiff argues (at 2) that representation in the arbitration—because it occurs "outside the judicial system"—does not require compliance with Arizona's licensing rules. That argument is incorrect.

Arizona Supreme Court Rule 31(b)(2) defines "practice of law" to include arbitration. This refutes Plaintiff's counsel's suggestion that Arizona's ethical rules apply only to court appearances. The Rule extends to all legal services, including representation in arbitration and providing legal advice to Arizona clients. *See also In re Creasy*, 198 Ariz. 539, 541 (2000) (practice of law includes the "rendering to another *any other advice or services* which are and have been customarily" performed by attorneys) (citation omitted). This District already made this point to Mr. Caspino: "Mr. Caspino may not work on . . . any other case pending in the District of Arizona, including performing legal work that would not qualify as an appearance." *McDonough*, 2025 WL 1556974, at *12.

---

[1] *See* https://www.azbar.org/for-legal-professionals/practice-tools-management/member-directory/ (visited Dec 30, 2025); *id.* ("Colorado (Suspended)"); *see also* Order of Suspension, PDJ 2025-9038 (July 28, 2025) available at https://www.azcourts.gov/Portals/0/CASPINO%20PDJ2025-9038%20BAR%20020791_1.pdf ; *McDonough v. Bidwill*, No. CV-24-00764-PHX-DWL, 2025 WL 1556974 (D. Ariz. June 2, 2025) (Order of Suspension); *see* https://nvbar.org/for-the-public/find-a-lawyer/?usearch=caspino (Nevada Bar listing "Status: ATTORNEY Suspended") (visited Dec 30, 2025).

1

      Because Rules 31.1(a) and (b) allow only an attorney in good standing to provide legal services in Arizona, Mr. Caspino's Suspensions disqualify him from providing any legal services to Plaintiff, including providing any legal advice in connection with this dispute.

      Arizona does allow out-of-state attorneys to provide temporary legal services, but only if they are "not disbarred or suspended from practice in any jurisdiction." Ariz. Sup. Ct. Rule 42, ER 5.5(c); *See Nolan v. Kenner*, 226 Ariz. 459, 462 n.3 (App. 2011) (citing the rule). Mr. Caspino cannot satisfy this threshold qualification for providing temporary legal services in Arizona, because of his Suspensions.[2]

## II. The Federal Arbitration Act Does Not Preempt State Ethics Rules

      Although Congress could preempt state regulation of lawyers by statute it did not do so in the FAA. Courts have squarely rejected the claim that the FAA preempts state regulation of legal practice in arbitration. For example, in *The Florida Bar v. Rapoport*, 845 So. 2d 874 (Fla. 2003), the respondent argued "that the Federal Arbitration Act . . . preempts state law and that Florida has no authority to forbid an attorney from acting in Florida for parties in federal securities matters." *Id.* at 876. The Florida Supreme Court distinguished the patent bar case of *Sperry v. Florida*, 373 U.S. 379, 383 (1963), and held that representation in securities arbitration by an unlicensed attorney constituted the unauthorized practice of law. *Rapoport, 845 So.2d* at 876.

## III. This Court Has Authority to Address Mr. Caspino's Unauthorized Practice

      The Court may sanction Mr. Caspino for violating both Arizona's ethics rules and an order issued in this District. The Court retains jurisdiction over this matter under *Smith v. Spizzirri*, 601 U.S. 472 (2024). Moreover, the arbitration demand -- signed only by Mr. Caspino[3] -- was compelled by this Court and directly relates to this pending case.

---

[2] Like Arizona, New York requires that an attorney providing temporary legal services be in "good standing in every jurisdiction where admitted or authorized to practice." N.Y. Comp. Codes R. & Regs. tit. 22, § 523.2(a)(2) (2025); *see also* Ariz. Sup. Ct. Rule 42, ER 5.5(a) ("A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.").

[3] Mr. Caspino's appearance in the NFL arbitration suggests that he has maintained an ongoing attorney-client relationship with the Plaintiff, despite the Suspensions.

This Court has "the power to issue sanctions under local rules," derived from its inherent authority and from Congress. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989); *see McDonough*, 2025 WL 1556974, at *4. This District's Local Rules incorporate Arizona's Rules of Professional Conduct. LRCiv 83.2(e). As the Ninth Circuit has recognized, "[a]ny court which has the power to admit attorneys to practice may also sanction them for unprofessional conduct." *Standing Comm. on Discipline of U.S. Dist. Ct. for S. Dist. of Cal. v. Ross*, 735 F.2d 1168, 1170 (9th Cir. 1984).

### IV. Requested Relief

This Court asked that Defendants "explain what relief, if any, Defendants seek." Defendants propose as follows, recognizing that the initiation of enforcement proceedings lies within the Court's sole discretion under LRCiv 83.1(f)(4):

1. Issue an order to show cause why additional sanctions should not be imposed under the Court's inherent authority, contempt powers, LRCiv 83.2(e), and other applicable provisions.

2. Issue an order disqualifying Mr. Caspino from representing Plaintiff in this dispute and prohibiting him from performing any legal work related to the arbitration until: (a) his Arizona bar license is reinstated, and/or (b) the Arizona Presiding Disciplinary Judge issues a written determination that his representation does not violate his State Bar suspension. This relief would allow the arbitration to proceed without violating Arizona ethics rules that otherwise prohibit defense counsel from communicating with an attorney engaged in the unauthorized practice of law.

3. Refer this matter to each state bar of which Mr. Caspino is a member for investigation and appropriate action.

4. Order Mr. Caspino to provide Plaintiff with a copy of the Court's order.

### V. Conclusion

Mr. Caspino is prohibited from providing any legal services to Plaintiff in connection with this dispute. The Federal Arbitration Act does not preempt any of the applicable Arizona ethics rules or court orders cited above.

DATED this 5th day of January, 2026.

**OSBORN MALEDON, P.A.**

By: s/ David B. Rosenbaum
　　David B. Rosenbaum
　　Theresa Rassas
　　Brandon T. Delgado
　　2929 North Central Avenue, Suite 2000
　　Phoenix, Arizona 85012

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

　　Leah S. Freed
　　2415 East Camelback Road, Suite 800
　　Phoenix, Arizona 85016

*Attorneys for Defendants Michael J. Bidwill
and Arizona Cardinals Football Club LLC*